Brent E. Pelton, Esq. (BP-1055)
PELTON SERPE LLP
111 Broadway, 9th Floor
New York, New York 10006
(Phone) (212) 725-3600; (Fax)(212) 385-4600
pelton@peltonserpe.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PAUL OPPENHEIMER, Individually,
and on Behalf of
All Other Persons Similarly Situated,

        Plaintiffs,

    -against-

N3K INFOMATIK, INC. a/k/a N3K, Inc.,
ALAN SWAN AND JOHN DOES #1-10,
Jointly and Severally

        Defendants.
-----------------------------------------------------------------X

: Case No. 07 CV 7459
:
: **REPLY TO**
: **COUNTERCLAIMS**
:
:
:
:
:
:
:
: ECF CASE

Plaintiff Paul Oppenheimer, by his attorneys Pelton Serpe LLP, Reply to Defendant N3K Informatik, Inc.'s ("N3K" or "Defendant") Answer and Counterclaims (the "Counterclaims") as follows:

### NATURE OF THE COUNTERCLAIMS

1. Denies the allegations set forth in paragraph 54 of Defendant's Counterclaims.

2. Denies the allegations set forth in paragraph 55 of Defendant's Counterclaims.

3. Denies the allegations set forth in paragraph 56 of Defendant's Counterclaims.

4. Denies the allegations set forth in paragraph 57 of Defendant's Counterclaims.

5. Denies the allegations set forth in paragraph 58 of Defendant's Counterclaims.

### FACTS

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of Defendant's Counterclaims.

7. Denies the allegations set forth in paragraph 60 of Defendant's Counterclaims.

8. Denies the allegations set forth in paragraph 61 of Defendant's Counterclaims.

9. Denies the allegations set forth in paragraph 62 of Defendant's Counterclaims.

10. Denies the allegations set forth in paragraph 63 of Defendant's Counterclaims.

11. Denies the allegations set forth in paragraph 64 of Defendant's Counterclaims.

12. Denies the allegations set forth in paragraph 65 of Defendant's Counterclaims.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of Defendant's Counterclaims.

14. Denies the allegations set forth in paragraph 67 of Defendant's Counterclaims.

15. Admits the allegations set forth in paragraph 68 of Defendant's Counterclaims.

16. Denies the allegations set forth in paragraph 69 of Defendant's Counterclaims.

17. Admits the allegations set forth in paragraph 70 of Defendant's Counterclaims.

18. Denies the allegations set forth in paragraph 71 of Defendant's Counterclaims.

19. Denies the allegations set forth in paragraph 72 of Defendant's Counterclaims.

### DEFENDANT N3K'S FIRST CLAIM FOR RELIEF

(Violation of 18 U.S.C. § 1030, The Computer Fraud and Abuse Act)

20. Oppenheimer repeats and reiterates each and every reply set forth in paragraphs 1 through 19 above, inclusive, as though set forth herein.

21. Denies the allegations set forth in paragraph 74 of Defendant's Counterclaims.

22. Denies the allegations set forth in paragraph 75 of Defendant's Counterclaims.

23. Denies the allegations set forth in paragraph 76 of Defendant's Counterclaims.

24. Denies the allegations set forth in paragraph 77 of Defendant's Counterclaims.

25. Denies the allegations set forth in paragraph 78 of Defendant's Counterclaims.

26. Denies the allegations set forth in paragraph 79 of Defendant's Counterclaims.

### DEFENDANT N3K's SECOND CLAIM FOR RELIEF

(Unfair Competition)

27. Oppenheimer repeats and reiterates each and every reply set forth in paragraphs 1 through 26 above, inclusive, as though set forth herein.

28. Denies the allegations set forth in paragraph 81 of Defendant's Counterclaims.

29. Denies the allegations set forth in paragraph 82 of Defendant's Counterclaims.

30. Denies the allegations set forth in paragraph 83 of Defendant's Counterclaims.

31. No response is required as to the allegations contained in paragraph 84 of Defendant's Counterclaims because Defendant's demand speaks for itself.

### DEFENDANT N3K'S THIRD CLAIM FOR RELIEF

(Tortuous Interference with Business Relationships)

32. Oppenheimer repeats and reiterates each and every reply set forth in paragraphs 1 through 31 above, inclusive, as though set forth herein.

33. Denies the allegations set forth in paragraph 86 of Defendant's Counterclaims.

34. Denies the allegations set forth in paragraph 87 of Defendant's Counterclaims.

### AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIMS

35. Without admitting any of the allegations contained in the Defendant's Counterclaims and/or assuming the burden of proof as to any of the following defenses where the law does not impose such burden on the Plaintiff, Plaintiff allege as follows:

### First Affirmative Defense

36. Defendant's Counterclaims constitute illegal retaliation against OPPENHEIMER for his filing a complaint to pursue N3K's violations of the Fair Labor Standards Act and the New York Labor Law.

### Second Affirmative Defense

37. Defendant's Counterclaims are barred, in whole or in part, because the information that forms the basis of Defendant's Counterclaims was publicly known and/or publicly available.

### Third Affirmative Defense

38. Defendant's Counterclaims are barred, in whole or in part, because the information that forms the basis of Defendant's Counterclaims was previously known by the recipient.

### Fourth Affirmative Defense

39. Defendant's Counterclaims are barred, in whole or in part, because the information that forms the basis of Defendant's Counterclaims was independently developed by the recipient without reference or use of the allegedly confidential materials.

### Fifth Affirmative Defense

40. Defendant's Counterclaims are barred, in whole or in part, because the information that forms the basis of Defendant's Counterclaims was disclosed to the recipient by some other party who had no duty of confidentiality.

### Sixth Affirmative Defense

41. Defendant's Counterclaims are barred, in whole or in part, because the information that forms the basis of Defendant's Counterclaims was the property of Plaintiff.

### Seventh Affirmative Defense

42. Defendant's Counterclaims fail, in whole or in part, to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded.

### Eighth Affirmative Defense

43. Defendant's Counterclaims are barred, in whole or in part, because of Defendant's own intentional, culpable conduct.

### Ninth Affirmative Defense

44. At all relevant times hereto, Plaintiff acted in good faith and did not violate any of Defendant's rights under federal, state or local laws, rules, regulations or guidelines.

### Tenth Affirmative Defense

45. Defendant's Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### Eleventh Affirmative Defense

46. Defendant's Counterclaims are barred, in whole or in part, by the doctrine of estoppel.

### Twelfth Affirmative Defense

47. Defendant's Counterclaims are barred, in whole or in part, by the doctrine of laches.

### Thirteenth Affirmative Defense

48. Defendant's Counterclaims are barred, in whole or in part, by the doctrine of waiver.

### Fourteenth Affirmative Defense

49. Defendant's Counterclaims are barred, in whole or in part, because Defendant failed to mitigate its damages.

### Fifteenth Affirmative Defense

50. Plaintiff's conduct was at all times authorized and did not exceed authorization as set forth by the Computer Fraud and Abuse Act.

WHEREFORE, OPPENHEIMER prays that the Court:

1. Dismiss Defendant's Counterclaims with prejudice and enter judgment for OPPENHEIMER;

2. Deny any relief sought by Defendant;

3. Award OPPENHEIMER his reasonable attorney's fees, disbursements, and costs; and

4. Grant OPPENHEIMER such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 26, 2007

PELTON SERPE LLP

*/s/ Brent E. Pelton*

Brent E. Pelton, Esq. (BP-1055)
Attorney for Plaintiff, Individually, and on
Behalf of All Other Persons Similarly Situated
111 Broadway, 9th Floor
New York, New York 10006
Tel: (212) 286-1425